IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KELLY LAMONT OLIVER                                PETITIONER

VS.                  CASE NO. 5:13CV00010-KGB/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Kelly Lamont Oliver, who is currently in the custody of the Arkansas Department of Correction (ADC). On January 10, 2012, Mr. Oliver entered a guilty plea to attempted first-degree murder and aggravated robbery. He was sentenced to 300 months for attempted first-degree murder and 480 months for aggravated robbery, with the terms to be served consecutively, for a total of 780 months of imprisonment for these crimes. Mr. Oliver did not seek post conviction relief pursuant to Rule 37 in state court.

Mr. Oliver now advances the following claims for habeas corpus relief:

1. He was questioned without receiving *Miranda* warnings;
2. He was denied the effective assistance of counsel when his attorney did not seek to suppress illegally obtained statements and evidence; and
3. The trial court erred by accepting the guilty plea without establishing the petitioner's mental fitness and petitioner's attorney was ineffective for failing to raise the issue of petitioner's mental fitness.

Respondent contends that the statute of limitations bars consideration of these claims, and that the claims are procedurally defaulted and/or waived by the entry of the guilty pleas. By Order of the Court dated March 7, 2013, the petitioner was notified of his opportunity to explain why dismissal for these reasons is inappropriate. Although Mr. Oliver has not responded to the Court's

Order, he addressed the issues of timeliness and procedural default in his petition.

**Statute of Limitations:**   Respondent contends that the limitations period began on January 11, 2012, when the trial court entered the judgment and commitment order.  The respondent contends the federal habeas corpus petition should have been filed by January 11, 2013.  The petition was filed on January 16, 2013.  The respondent acknowledges that the petitioner alleges to have delivered his petition to prison authorities on January 4, 2013.  The respondent further acknowledges the "prisoner mailbox rule" as described in *Houston v. Lack*, 487 U.S. 266, 272 (1988), and codified in Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts.  The respondent nonetheless contends the petition is untimely, citing *Porchia v. Norris*, 251 F.3d 1196 (8th Cir. 2001).  We decline to find the *Porchia* case controlling on the facts presented here.  In particular, the petitioner verified his petition on January 3, 2013, and certified that a copy of the petition was served on January 4, 2013, on respondent Hobbs.  Petition, page 17.  While it is true that the petition was not officially filed with this Court until January 16, 2013, it does not appear that the fault for this filing date is the result of Mr. Oliver's lack of diligence.

**Procedural Default:**   The respondent contends that the claims are not properly before this Court due to the petitioner's failure to adequately raise the claims in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

Having entered guilty pleas, a direct appeal of Mr. Oliver's convictions was not available. The record shows, and the petitioner concedes, that he did not seek Rule 37 postconviction relief in state court following the entry of his guilty pleas[1]. Thus, none of the three grounds advanced in his habeas petition were raised and addressed in state court. Since the grounds were not raised in state court, the grounds are not properly before us unless the petitioner demonstrates cause and prejudice for the failure to act in state court. The petitioner contends he was entitled to counsel in his postconviction proceedings and this deprivation now entitles him to bring the claims. *See Martinez v. Ryan*, 132 S.Ct. 1309, ___ U.S. ___ (2012). We find no merit in this claim for two reasons: one, the *Martinez* case does not cure the petitioner's failure to file a timely petition; and two, in *Kemp v. Hobbs*, United States District Judge D. P. Marshall Jr. noted that *Martinez v. Ryan* did not change the law announced in *Coleman v. Thompson,* 501 U.S. 722 (1991) (no constitutional right to an attorney in state postconviction proceedings) but recognized a narrow exception. Judge Marshall further noted that the *Martinez* Court declined to resolve "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *See Kemp v. Hobbs*, 2012 WL 2505229 at 9. Because *Martinez* is not applicable in this case, the controlling precedent is that announced in *Coleman v. Thompson.*

As a result of the foregoing, we find Mr. Oliver failed to raise his claims in state court, and fails to demonstrate cause and prejudice for not acting in state court. Therefore, we recommend that petition for habeas corpus be denied due to the petitioner's procedural default.

**Guilty Pleas:** Even if the petitioner had properly raised his claims in state court, it is important to note that he entered pleas of guilty to the charges.

> [a] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

---

[1] The petitioner had ninety days following the entry of the guilty pleas in which to file his Rule 37 petition. A.R.Cr.P. 37.2(c)(I).

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  In this case, petitioner entered a plea of guilty to attempted first-degree murder and aggravated robbery.  As set out above, a plea of guilty waives all nonjurisdictional defects.  *See also Thundershield v. Solem*, 565 F.2d 1018, 1026 (8th Cir. 1977).  The petitioner is barred from challenging his claims of error prior to the entry of the guilty plea.  As a result, we recommend dismissal of the petition on this basis, as well as due to the procedural default.

In summary, we recommend the petition for writ of habeas corpus be dismissed, and the relief requested denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __8__ day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE